In re Anderson: Anderson, General guardian, Appellant, vs. Rockdale School District, Respondent.

*February 11—March 14, 1922.*

*Insane persons: Sale of lands: Offer at fair value: Higher offer with ulterior purpose.*

Where an interest in real estate of an incompetent was offered for sale to a school district at a certain price, it was the duty of the court to accept a *bona fide* offer of a substantially higher price from a third party, though it was of the opinion that such offer was made for the sole purpose of hindering the school district and causing it expense, the interest of the incompetent being the dominant consideration.

APPEAL from an order of the county court of Dane county: A. G. ZIMMERMAN, Judge. *Reversed.*

*Anna Anderson,* an incompetent, is the owner of a one-eighth interest in eight lots which were desired by a school district which was under the necessity of erecting a new and modern schoolhouse. On January 17, 1920, *T. J. Anderson,* brother of the incompetent, made a petition to the county court of Dane county to sell the interest of the incompetent. Albert L. Anderson was appointed special guardian and on the same day made a contract of sale to the school district for $100. The school meeting was held on the 12th day of February, 1920. On the 18th day of March, 1920, an order was made by the county court of Dane county authorizing and empowering Albert L. Anderson, special guardian of *Anna Anderson,* incompetent, to enter into an agreement to sell her interest to the school district for the sum of $100. Thereafter difficulties arose between the district and members of the Anderson family, including *T. J. Anderson* and Albert L. Anderson, and the school district was obliged to commence condemnation proceedings, which it did on the 17th day of December, 1920. The incompetent was not made a party to these proceedings for the reason that there was then in existence the agreement referred to. The county court found that $100 was a fair market value of the land. In the condemnation proceedings the commissioners fixed the value of each one-eighth interest at $100. There was an appeal in the condemnation proceedings, which was heard in this court in May, 1921. On May 10, 1921, *T. J. Anderson,* as general guardian, presented a petition to the county court setting forth that B. G. Anderson offered to pay $300 for the interest of the ward in the eight lots and asked that the agreement to sell be not confirmed. Upon the proceedings for confirmation there was a contest as to the value, the Andersons claiming that the interest of the ward was worth from $250 to $300, and there being evidence of the fact

that it was worth from $50 to $60. The court found that $100 was the fair value of the property, that the offer made by B. G. Anderson was not in good faith but for the purpose of delaying the proceedings by which the district hoped to acquire title to the property in question; and while the court was of the opinion that it was the duty of the court to look after the interest of the incompetent, yet the court must deal in good faith with other parties who deal with the ward, and that such was especially true in this case where the other party is a public institution, a governmental subdivision, that is acquiring the property, not for private or commercial purposes but for a public purpose. The court then indicated that he would accept the $300 on condition that the purchaser enter into a written contract that he would sell the interest thus acquired to the district at the price which might be found in condemnation proceedings in circuit court. This proposal was refused by B. G. Anderson, and the court then found that the offer of B. G. Anderson was not made in good faith but for the sole purpose of hindering and delaying and causing the school district expense. The court entered an order confirming the sale pursuant to the contract entered into with the special guardian, Albert L. Anderson, for the sum of $100, and from the order the general guardian appeals.

For the appellant there was a brief by *Gettle & Torge* of Madison, and oral argument by *A. T. Torge*.

For the respondent there was a brief by *C. R. Clarke* of Cambridge and *Gilbert, Ela & Heilman* of Madison, and oral argument by *Emerson Ela*.

ROSENBERRY, J. The situation presented by the facts in this case is at least very unusual. Were this court at liberty to deal with this matter as a private matter, it might very heartily approve of the course adopted by the trial court. We are cited to no case, however, and we find none, which sustains the position taken by the trial court. As

stated by the trial court, it is the duty of the court to protect and guard the interests of the incompetent. We think that duty is fixed and certain, and that where, as here, property of the incompetent is being offered for sale and a substantially higher price is offered for it, it is the duty of the court to consider the offer, and if *bona fide* to accept it, and that it is not a proper ground of refusal of the offer that the court, in looking beyond the offer, is of the opinion that it is for some ulterior purpose. The interest of the incompetent is the dominant consideration. While the situation here is perplexing and irritating, we do not see that it affords any legal justification for the refusal of the offer, even though the interests of a school district may be affected. We see nothing in the case that justifies a departure from well established legal principles.

*By the Court.*—The order appealed from is reversed, and the cause remanded for further proceedings according to law.